# Order

Michigan Supreme Court
Lansing, Michigan

September 29, 2006

130274

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

CARL H. HALL, a/k/a KEITH HALE,
a/k/a MICHAEL HALE, a/k/a CRAIG HALE,
     Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130274
COA: 254615
Wayne CC: 01-008679-01

On order of the Court, the application for leave to appeal the November 15, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

Defendant was convicted following a bench trial of assault with intent to commit great bodily harm (habitual offender, fourth offense) and possession of a firearm during the commission of a felony (second offense). The trial judge departed from the guidelines range (19 to 76 months) and sentenced defendant to life in prison. The Court of Appeals reversed, finding the sentence disproportionate, and remanded for resentencing. On remand, the trial judge again imposed a life sentence. A different panel of the Court of Appeals affirmed.

Defendant argues that the trial judge violated the law-of-the-case doctrine. The trial judge gave as a substantial and compelling reason for his departure from the guidelines the fact that defendant had prior convictions. The first panel of the Court of Appeals found, based on this reason, that the sentence was disproportionate. On remand, the trial judge again gave the fact of defendant's prior convictions as a substantial and compelling reason for departure and again imposed a life sentence.

Since the first panel of the Court of Appeals had already decided that defendant's prior convictions did not constitute a substantial and compelling reason for a life sentence, it is questionable whether the trial judge could impose a life sentence without articulating additional reasons. By doing so, he may have taken action that was inconsistent with the judgment of the appellate court, violating the law-of-the-case doctrine.

I would grant leave to appeal to consider this issue.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 29, 2006

_____
Clerk

p0926